UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>    Petitioner,<br><br>    v.<br><br>CHERYL K. PLILER et al.,<br><br>    Respondents. | No.  2:02-cv-2378 WBS DAD P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for relief under Federal Rule of Civil Procedure 60(b)(6).

**PROCEDURAL HISTORY**

In 2002, petitioner filed a petition for a writ of habeas corpus challenging his conviction for possession of a controlled substance by an inmate.  On June 3, 2003, the assigned Magistrate Judge issued findings and recommendations, recommending that respondent's motion to dismiss the petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") be granted.  On July 14, 2003, the undersigned adopted those findings and recommendations in full, granted the respondents' motion, and dismissed this habeas action with prejudice.  Petitioner appealed, and on September 23, 2004, the Ninth Circuit Court of Appeals affirmed the judgment.

/////

1

Now, more than ten years later, petitioner has filed the pending Rule 60(b)(6) motion, which respondent has opposed.

## DISCUSSION

Under Rule 12 of the Rules Governing Section 2254 Cases, district courts may apply the Federal Rules of Civil Procedure provided they are not inconsistent with the Rules Governing Section 2254 Cases or any statutory provisions.  Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his pending motion, petitioner claims that he is entitled to relief under Rule 60(b)(6) because the court erred when it determined that he was not eligible for a later commencement date of the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(1)(B).  Section 2244(d)(1)(B) provides that AEDPA's one-year statute of limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).

In his findings and recommendations, the Magistrate Judge found that § 2244(d)(1)(B) did not apply in this case because petitioner had not shown that state action prevented him from filing a federal habeas petition.  The Magistrate Judge explained that, although petitioner claimed that his cellmate was transferred, thereby preventing petitioner from discovering that his cellmate had pled guilty to disciplinary charges of possessing the drugs at issue in petitioner's case, petitioner offered no evidence that prison officials had created an impediment to his filing of a timely federal habeas petition.

/////

In the pending motion, petitioner argues that the Magistrate Judge ignored petitioner's argument that prison officials restrict correspondence between inmates and are especially restrictive of communication between gang affiliates housed in a security housing unit term. Even accepting all of this as true, however, petitioner still has not demonstrated that Magistrate Judge erred in finding that § 2244(d)(1)(B) is inapplicable to this case. A habeas petitioner is entitled to relief under § 2244(d)(1)(B) only if the alleged unlawful impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009). "[P]etitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1060 (9th Cir. 2007). Here, petitioner has once again made no showing of any unlawful state action that caused his failure to file a timely habeas corpus petition.

Next, petitioner argues that he is entitled to relief under Rule 60(b)(6) in light of the United States Supreme Court's decision in McQuiggin v. Perkins, ___U.S.___, 133 S. Ct. 1924 (2013). In McQuiggin, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." Id. at 1928.

As an initial matter, it is well established that relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 536 (2005). The Supreme Court has made clear that "not every interpretation of federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." Id. In Gonzalez, a state prisoner filed a motion for relief from judgment dismissing his petition for writ of habeas corpus as time-barred in light of the Supreme Court's decision in Artuz v. Bennett, 531 U.S. 4 (2000) (holding that an application for state post-conviction relief may still be "properly filed" even if the state courts dismissed it as procedurally barred). In denying the petitioner's motion for relief from judgment, the Court in Gonzalez explained that "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." Id. at 536. Here, the court finds that the Supreme Court's decision in McQuiggin
/////

3

does not constitute an extraordinary circumstance justifying the reopening of this long-ago closed case.

Moreover, even if the recent decision in McQuiggin constituted an extraordinary circumstance for purposes of Rule 60(b)(6), petitioner has not shown that he is entitled to relief under that decision. The court observes that, although the Magistrate Judge did not previously have an opportunity to analyze petitioner's "actual innocence" claim with the benefit of the recent decision in McQuiggin, the Magistrate Judge nonetheless analyzed petitioner's "actual innocence" claim in determining whether the court could consider his otherwise-barred claims under the fundamental miscarriage of justice exception as explained in Schlup v. Delo, 513 U.S. 298 (1995). Under both McQuiggin and Schlup, the actual innocence standard is the same in that it requires petitioner to demonstrate that it is more likely than not that no reasonable juror would have found him guilty of possession of drugs. Petitioner's failure to meet this demanding standard once more is dispositive in this case. See McQuiggin, 133 S. Ct. at 1936. Although petitioner clearly disagrees with the court's actual innocence analysis, petitioner still has not presented "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial. . . . ." Id.

For all of the foregoing reasons, petitioner is not entitled to relief under Rule 60(b)(6). Accordingly, the court will deny his motion.

**OTHER MATTERS**

Also pending before the court is petitioner's motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In light of the discussion above, the court does not find that the interests of justice would be served by the appointment of counsel.

/////

/////

/////

4

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. No. 27) is denied; and

2. Petitioner's motion for appointment of counsel (Doc. No. 30) is denied.

Dated:  June 26, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/rous2378.60b